## THE FLORIDA LEGISLATURE, et al. v MARTINEZ, et al.

### Case No. 88-3976 (Transferred from the Florida Supreme Court Case No. 73,034)

Second Judicial Circuit, Leon County

December 29, 1988

## OPINION OF THE COURT

WILLIAM L. GARY, Circuit Judge.

### *Final Summary Judgment and Related Orders*

Pursuant to appropriate notice, this matter came before the court for hearing on December 22 on Plaintiffs' Motion for Summary Judgment on its Amended Complaint, Request to Take Judicial Notice, Motion to Dismiss Defendant Martinez' Counterclaim, and Motion and Substitute Motion to Strike Affidavits attached to defendant Martinez' Memorandum in Opposition to Motion for Summary Judgment. The court also had for consideration defendant Martinez' Request to Take Judicial Notice and cross-defendants Smith's and Lewis' motion to enlarge the time to respond to defendant Martinez' Cross-claim, to abate the Cross-claim, and the ore tenus motion to dismiss the cross-

claim. The court has reviewed the parties' pleadings, motions, requests, responses, replies, memoranda of law, the affidavits and depositions of record, has heard the argument of counsel and is otherwise fully advised in the premises.

Based on the foregoing, the court makes the following findings and conclusions of law.

1. This cause was transferred to the circuit court pursuant to an order of the Supreme Court of Florida. Defendant Martinez having admitted that the individual named Plaintiffs have standing to initiate this action as citizens and taxpayers of the state, the court has jurisdiction over the parties and the subject matter of this suit. The court further determines that the Florida Legislature and the individual named Plaintiffs in their official capacities have standing to bring this action to challenge vetoes of the governor as being violative of the Florida Constitution.

2. The Florida Legislature duly enacted the General Appropriations Act of 1988, Chapter 88-555, Law of Florida.

3. Defendant Martinez filed an official veto message with the Secretary of State. That veto message includes vetoes of a "portion" of specific appropriations 118, 528, 529 and 530.

4. The court concludes that the pleadings, affidavits, depositions and other matters of record conclusively establish that there is no genuine issue of any material fact, and that Plaintiffs are entitled to a judgment on their Amended Complaint as a matter of law.

5. Article III, section 8(a) of the Florida Constitution confers no power on the governor to veto a portion or part of a specific appropriation in a general appropriation bill. Governor Martinez does not contend otherwise.

6. The vetoes by Governor Martinez of "portions" of specific appropriations 118, 528, 529 and 530 as contained in Chapter 88-555, Laws of Florida, violate Article III, section 8(a) of the Florida Constitution, and are therefore unconstitutional, invalid, and of no effect.

7. By attempting to veto portions of specific appropriations in Chapter 88-555, Laws of Florida, Governor Martinez has usurped the law-making power of the legislature conferred in Article III, section 1 of the Constitution and has violated the separation of powers embodied in Article II, section 1 of the Constitution.

8. The amounts purportedly vetoed by Governor Martinez do not constitute "specific appropriations in a general appropriations bill"

within the meaning of Article III, Section 8 of the Florida Constitution.

9. Pursuant to chapter 86, Florida Statutes (1987), Plaintiffs are entitled to declaratory judgment on their amended complaint. Accordingly, it is:

Ordered and Adjudged:

1. Plaintiffs' motion for Final Summary Judgment is granted.

2. Final Summary Judgment is entered in favor of Plaintiffs, as is more specifically set forth below.

3. Both Plaintiffs' and Defendant Martinez' Requests to take Judicial Notice are granted.

4. Plaintiffs' Motion to Strike Affidavits attached to Defendant Martinez' Memorandum in Opposition to Motion for Summary Judgment is denied.

5. Defendant, Jim Smith, as Secretary of State, is directed to expunge from the official records of the state the vetoes which are the subject of this proceeding, and Defendant Gerald Lewis, as Comptroller, is directed to disregard said vetoes and to give full effect to specific appropriations 118, 528, 529 and 530 of Chapter 88-555, Laws of Florida, insofar as they related to the sum purportedly vetoed by the governor.

6. Plaintiffs' Motion to Dismiss Defendant Martinez' Counterclaim is granted, and Defendant Martinez' Counterclaim is dismissed with prejudce.

7. By reason of the foregoing judgment and orders with respect to the Amended Complaint and Counterclaim, Governor Martinez' Cross Claim falls and Cross-defendants' motions responding to the Cross-claim are moot.

Done and ordered in chambers in Tallahassee, Leon County, Florida, on December 29, 1988.